NOT FOR PUBLICATION

RECEIVED

DEC 21 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOKAI HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PATEL et al., <br><br> Defendants. | Civ. No. 15-4079 <br><br> MEMORANDUM ORDER FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION |

THOMPSON, U.S.D.J.

  Plaintiff Lokai Holdings, LLC ("Plaintiff") filed a Complaint in this Court on June 16, 2015, alleging that Defendant Neil Patel ("Defendant") copied Plaintiff's entire website www.mylokai.com to the domain name wwww.lokaioutlet.com, where Defendant purported to sell Plaintiff's goods at a discounted price. (Pl.'s Compl., ECF No. 1). Defendant never answered Plaintiff's Complaint, and a default was entered on July 22, 2015. (ECF No. 7).

  This matter is before the Court upon Plaintiff's Motion for Default Judgment. (ECF No. 8). The Court may enter a default judgment against a properly served defendant who fails to timely file a responsive pleading. Fed. R. Civ. P. 55(b)(2); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). The Court must first determine if the complaint demonstrates a valid cause of action, and then determine if default judgment is appropriate. *Platypus Wear, Inc. v. Bad Boy Club, Inc.*, No. 08-02662, 2009 WL 2147843, at *2 (D.N.J. July 15, 2009). The Third Circuit has established a three-factor test to determine whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

1

Plaintiff has properly pled trademark infringement, counterfeiting, unfair competition, and cyberpiracy claims. (Pl.'s Compl., ECF No. 1). Defendant has failed to appear before the Court, despite being properly served. (ECF No. 5). Plaintiff will be prejudiced if default is denied, as he is otherwise unable to recover damages for Defendant's infringing behavior. Defendant does not appear to have a litigable defense, and his delay is culpable since he has spoken with Plaintiff's attorneys by phone about this case and chosen not to appear. (ECF Nos. 8-2, 13). Therefore, default judgment is appropriate.

Plaintiff seeks statutory damages under the Lanham Act and the Anticybersquatting Consumer Protection Act ("ACPA"), as well as attorneys' fees. (ECF Nos. 8, 13). In cases involving the use of counterfeit trademarks, the Lanham Act permits the plaintiff to elect to recover an award of statutory damages in lieu of showing actual damages. 15 U.S.C. § 1117(c); *Chanel, Inc. v. Matos*, No. 14-3509, 2015 WL 4773072, at *5 (D.N.J. Aug. 13, 2015). The plaintiff may recover between $1,000 and $200,000 per mark (and up to $2,000,000 per mark if the counterfeit use was willful) per type of good sold or offered for sale. *Chanel, Inc.*, 2015 WL 4773072, at *5. Attorneys' fees may be recovered if the infringement was willful. 15 U.S.C. § 1117(a). The ACPA allows plaintiffs to recover damages between $1,000 and $100,000 per domain name in cases where one party registers a domain name with the bad faith intent to profit based on another party's similar domain name or trademark. *See Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).

Plaintiff also seeks injunctive relief, which may be granted where a plaintiff can demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v.*

2

*MercExchange, LLC*, 547 U.S. 388, 391 (2006). Plaintiff has demonstrated that these factors are satisfied.

After considering the specific circumstances of this case, as well as the factors for calculating statutory damages laid out in *Platypus Wear, Inc.*, 2009 WL 2147843, at *7, and finding that Defendant's actions were willful,

IT IS on this ___ day of December, 2015

ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 8) is GRANTED such that JUDGMENT is entered in favor of Plaintiff and against Defendant; and it is further

ORDERED that Plaintiff shall be AWARDED the following amounts:

$40,000 in statutory damages under the Lanham Act;

$20,000 in statutory damages under the Anticybersquatting Consumer Protection Act;

$10,271.55 in attorneys' fees and costs for Bienstock & Michael, LLC; and

$4,750.60 in attorneys' fees and costs for Tarter Krinsky & Drogin LLP[1]

for a TOTAL of $75,022.15, which shall bear interest at the legal rate; and it is further

ORDERED that Defendant and his officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with Defendant are hereby PERMANENTLY RESTRAINED AND ENJOINED:

---

[1] This amount is half of what Tarter Krinsky & Drogin LLP requested. Bienstock & Michael, LLC wrote Plaintiff's cease and desist letters, filed his Complaint, requested default, moved for default judgment, and wrote the memo in support of Plaintiff's motion for default judgment. Tarter Krinsky & Drogin LLP took over the matter relatively late in the litigation, and therefore only appeared at one hearing and prepared a long memo on fees. Given this disparity in the amount of work performed, $4,750.60 is a more just award than the $9,501.21 that Tarter Krinsky & Drogin LLP requested.

3

    a. from infringing the standard character "lokai" trademark (Reg. Nos. 4,429,129 and 4,637,357), the stylized "lokai" trademark (Reg. No. 4,640,686), and the stylized water droplet logo (Reg. No. 4,636,915) and any variation thereof; and

    b. from otherwise unfairly competing with Plaintiff. It is further

ORDERED that Defendant shall immediately transfer ownership of the domain name "lokaioutlet.com" to Plaintiff; and it is further

ORDERED that copies of this Memorandum Order for Default Judgment and Permanent Injunction shall be served on Defendant by Plaintiff by certified mail; and it is further

ORDERED that the Clerk shall close this case, without prejudice to reopening for further proceedings consistent with law.

                                                                         _/s/ Anne E. Thompson_  
                                                                        ANNE E. THOMPSON, U.S.D.J.